

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**DAVID W. HERCHER**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1538

**COLLIN M. COLE**
LAW CLERK

**DORIA D. ARNTSEN**
JUDICIAL ASSISTANT

March 21, 2018

NOT FOR PUBLICATION

VIA ECF ONLY
Louis B. Dvorak

Subject: Hope Galan
Case No. 18-30059-pcm13

Counsel:

     I write to explain my separate order denying the Motion for Reimposition of Automatic Stay[1] (motion) filed by debtor, Hope Galan.

### I.    Procedural posture

     Within the year before Galan, acting pro se, filed the petition initiating this chapter 13 case on January 8, 2018, she was a debtor in Case No. 13-33107-tmb13 in this district. The prior case was dismissed on her motion on December 5, 2017.[2] According to the motion, she dismissed the prior case because Wells Fargo Bank NA had received automatic-stay relief "due to missed accruing payments."[3] The property securing the Wells Fargo loan, 815 NW 9th Street, Redmond, Oregon, has been her parents' home for many years.[4] They were paying her $1,400 per month to pay the accruing payments on the Wells Fargo note, and she claims that she did not make payments to Wells Fargo "because of the bad advice of counsel, and that they [her parents] were able and willing to make the accruing payments directly or through the Debtor."[5] She does not explain what bad advice she received. Wells Fargo is the plaintiff in a judicial-foreclosure action in Deschutes County Circuit Court Case No. 12CV 0129, and it had obtained a writ of execution for sale of the property on January 9, 2018.[6] Galan conveyed the property to her parents on January 2, six days before filing her current petition,[7] "for no consideration that added any property to the Debtor's estate."[8]

---

[1] Docket item 20.
[2] Case No. 13-33107 (prior case) docket items 89-90.
[3] Prior case docket item 87; motion at 3:7-12.
[4] Motion at 2:12-13.
[5] Motion at 3:13-22.
[6] Motion at 2:1-4.
[7] Motion at 2:12-16.
[8] Motion at 2:16-20.

On February 16, 2018, Wells Fargo filed a proof of claim in the current case showing a total prepetition arrearage of $28,096.71[9] and postpetition monthly payments of $1,167.48.[10] According to the motion, on February 26, Galan, through attorney David W. Smiley, mailed Wells Fargo Home Mortgage a cashier's check for the arrearage amount and two monthly payment (for February and March), a total of $30,431.67.[11] On March 9, debtor's father informed her that the check had cleared, so Galan believes that the mortgage payments are current.[12] Nevertheless, Wells Fargo has not responded to Galan's request to reinstate the mortgage and dismiss the foreclosure action.

On March 13, Galan filed the motion. She requests an "order reimposing the automatic stay to prevent a foreclosure sale of the estate's realty located at 815 NW 9th Street, Redmond, Oregon, currently scheduled to be conducted by the Deschutes County Sheriff on April 12, 2018."[13]

As the duty judge for March 20 hearings on motions to extend or reimpose the stay, I held a hearing on the motion that day.[14] Other matters in this case will ordinarily be addressed by the judge presiding over this case, Judge Peter C. McKittrick.

## II. Analysis

### A. *The court cannot extend the statutory automatic stay unless the debtor complies with the statutory conditions for an extension.*

Under 11 U.S.C. § 362(c)(3), because Galan is an individual debtor in a chapter 13 case and a case of hers was pending within the preceding year but was dismissed, the automatic stay of section 362(a) with respect to any action taken with respect to a debt or property securing the debt terminated with respect to the debtor on February 7, 2018, the 30th day after the filing of the current case. (Section references are to title 11.)

Under section 362(c)(3)(B), Galan could have moved to extend the stay past the 30th day. But the court's authority to grant an extension is conditioned on the hearing on the motion being completed before expiration of the 30-day period. She did not file the motion until March 13, 34 days after February 7, the 30th day.

Galan argues that expiration of the stay under section 362(c)(3) results in termination only of the stay of acts against property of the debtor and not also of the stay of acts against property of the estate, citing the Tenth Circuit BAP's 2008 decision in *In re Holcomb*,[15] the First Circuit BAP's 2006 decision in *In re Jumpp*,[16] and the Eastern District of Pennsylvania's 2006

---

[9] Proof of claim 1-1, Mortgage Proof of Claim Attachment Part 3.
[10] Proof of claim 1-1, Mortgage Proof of Claim Attachment Part 4.
[11] Motion at 4:3-10.
[12] Motion at 4:10-12.
[13] Motion at 1:16-22, 3:22-24.
[14] Docket item 21.
[15] 380 B.R. 813 (10th Cir. B.A.P. 2008).
[16] 356 B.R. 789 (1st Cir. B.A.P. 2006).

decision in *In re Williams*.[17] A contrary conclusion was reached by the Ninth Circuit BAP in its 2011 decision in *In re Reswick*[18] and another judge of this court in his 2013 decision in *In re Whitescorn*.[19] In any case, the answer to whether the stay terminates under section 362(c)(3) as to estate property would not affect my conclusion that the court cannot purport to extend an expired stay notwithstanding section 362(c)(3).

Because I have concluded that the court lacks authority to grant a stay-extension motion after expiration of the 30-day period, I have not considered facts or argument that would be relevant to a timely filed motion, including Galan's good (or bad) faith in filing the current petition.

### B. The court's ability to reimpose a stay

#### 1. Section 105(a) does not allow the court to disregard section 362(c)(3) and reimpose a stay after expiration of the 30-day period.

Galan cites two cases, from the bankruptcy courts in the Southern District of Georgia[20] and the Eastern District of Pennsylvania,[21] for the proposition that section 105(a) permits a bankruptcy court to reimpose a stay after it has expired.

To the extent these courts held that section 105(a) permits the court to reimpose the automatic stay despite the debtor's noncompliance with section 362(c)(3)(B), I must reject their holdings as inconsistent with Ninth Circuit authority[22] as well as with the Supreme Court's *Law v. Siegel* decision,[23] which cautioned against the use of section 105(a) to contravene express provisions of the Bankruptcy Code.[24]

I cannot use section 105(a) to grant relief that is expressly prohibited by section 362(c)(3)(B).

#### 2. The court might have authority to enjoin acts after expiration of the stay—but only in an adversary proceeding.

I do not rule out the possibility, as suggested by the Ninth Circuit[25] and as the Pennsylvania bankruptcy court held,[26] that Galan might be able to obtain an injunction against a particular creditor, such as Wells Fargo, that would approximate the automatic stay.

---

[17] 346 B.R. 361 (Bankr. E.D. Pa. 2006).
[18] 446 B.R. 362, 372 (9th Cir. B.A.P. 2011).
[19] No. 13-60159-fra13, 2013 WL 1121393 (Bankr. D. Or. Mar. 14, 2013).
[20] *In re Whitaker*, 341 B.R. 336, 347-48 (Bankr. S.D. Ga. 2006).
[21] *In re Williams*, 346 B.R. 361, 371-72 (Bankr. E.D. Pa. 2006).
[22] *In re Canter*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002) ("no authority exists for 'reinstating' an automatic stay that has been lifted").
[23] 134 S. Ct. 1188 (2014).
[24] *Id.* at 1194.
[25] *In re Canter*, 299 F.3d at 1155 and n.1.
[26] *In re Williams*, 346 B.R. at 371.

But a request for an injunction requires an adversary proceeding,[27] and the creditors to be enjoined would be entitled to due process, including proper service of the request and adequate time to respond.

Galan provided her creditors only seven days' mailed notice of the March 20 hearing on the motion. By contrast, an adversary proceeding would require service of a complaint and summons under Rule 7004 on the specific defendants (creditor or creditors) against whom an injunction is sought. Although a defendant's answer would not be due until 30 days after issuance of the summons,[28] if the facts warrant, an adversary-proceeding plaintiff can request an earlier emergency hearing on a motion for TRO or preliminary injunction.

Even if Galan had commenced an adversary proceeding against Wells Fargo and presented the substance of the motion as a motion for a TRO or preliminary injunction barring Wells Fargo from conducting the April 12 sheriff's sale, the motion does not address any of the standards for issuing a TRO or preliminary or permanent injunction.

### C. *Issues not addressed*

Because the debtor in this case is Galan, rather than her parents, and her prepetition transfer of the property to them has not yet been avoided or otherwise set aside, I address neither whether any automatic stay in this case would apply to the property nor whether, independent of section 362, the court could enjoin the sheriff's sale.

### III. Conclusion

I will separately deny the motion.

Sincerely,

*David W. Hercher*

DAVID W. HERCHER
Bankruptcy Judge

cc: Hon. Peter C. McKittrick

---

[27] Fed. R. Bankr. P. 7001(7).
[28] Fed. R. Bankr. P. 7012(a).